UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-528-BO

| | |
|---|---|
| JONATHAN R. MEREDITH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JOSHUA STEIN, *Attorney General of the State of* ) | |
| *North Carolina, in his official capacity*, BOB ) | |
| SCHURMEIER, *Director of the North Carolina* ) | |
| *State Bureau of Investigation, in his official* ) | |
| *capacity*, and MICHAEL D. WATERS, *District* ) | |
| *Attorney of Franklin County, North Carolina, in his* ) | |
| *official capacity*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on defendants' motion to dismiss [DE 14] and motion to stay discovery and other pretrial proceedings. [DE 21]. The matters have been fully briefed and are ripe for ruling. A hearing was held before the undersigned in Elizabeth City, North Carolina on April 10, 2018. For the following reasons, both motions are denied.

## BACKGROUND

Plaintiff Jonathan Meredith was convicted in Washington State of "Communication with a Minor for Immoral Purposes" in 2004. He then moved to North Carolina. According to plaintiff, when establishing residency here, the Person County Sheriff's office informed him he did not need to register as a sex offender. The standard for whether an individual convicted of an out-of-state sex offense must register as a sex offender in North Carolina is whether the offense was substantially similar to an offense under North Carolina law that would require registration. N.C.G.S. § 14-208.6(4)(b)-(c). The determination is made by individual sheriff's deputies in the potential registrant's county of residency. That information is then provided to the SBI official

who maintains the list of registrants. Registered sex offenders face significant restrictions in going about their daily lives. *E.g.,* N.C.G.S. § 14-208.18(a)(3) (Those registered cannot go to libraries, arcades, amusement parks, recreation parks, and swimming pools). Failure to register when required to by law is a felony, and there is no procedure to challenge being required to register. N.C.G.S. § 14-208.11(a).

Thirteen years after plaintiff moved to North Carolina, the Wake County Sheriff's office, where he now lived, informed him he did in fact need to register. After registering, plaintiff filed this lawsuit, claiming that the mechanism by which those convicted of out-of-state sex offenses are placed on the North Carolina registry violates his procedural due process rights. Plaintiff seeks declaratory and injunctive relief. A few months later, plaintiff was removed from the sex offender registry. Defendants have now moved to dismiss plaintiff's complaint.

## DISCUSSION

Defendants have moved to dismiss on three grounds, pursuant to Rules 12(b)(1), (2) and (6) of the Federal Rules of Civil Procedure.[1] They argue the case is moot, there is no personal jurisdiction over the defendants, and that plaintiff has failed to state a claim.

I. Mootness

Defendants have first moved to dismiss for lack of subject-matter jurisdiction, arguing that plaintiff lacks standing because the case is moot. Mootness and standing are related, yet distinct concepts. *Friends of the Earth, Inc. v. Laidlaw*, 528 U.S. 167, 189 (2000). A case is moot

---

[1] While defendants did not raise any immunity arguments in their motion to dismiss, they did discuss immunity in their motion to stay the proceedings pending the consideration of the motion to dismiss. As the motion to dismiss is ruled on by this order, their motion to stay is mooted, and no question of immunity is currently before this Court.

2

when there is no longer a case or controversy to be resolved by the court. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

Defendants argue that since plaintiff is no longer on the North Carolina Sex Offender Registry, the case has been mooted. But "voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). If it did, a defendant could freely engage in unconstitutional activity, as long as he took temporary breaks whenever a lawsuit was filed. *Id.* at 289 n.10; *Laidlaw*, 528 U.S. at 189. Because of this concern, a case is only mooted when "subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior [can] not reasonably be expected to recur." *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968). A defendant claiming its voluntary action makes a case moot bears a "formidable burden" in demonstrating this. *Laidlaw*, 528 U.S. at 189.

According to defendants, this case is moot because plaintiff was removed from the registry. The removal happened after the instant suit was filed, and defendants have not explained why plaintiff was removed. They have provided nothing to indicate that plaintiff could not be required to register again in the future, either by the Sheriff of the county in which he currently resides or another county to which he could move in the future. For these reasons, defendants' motion to dismiss on the grounds of mootness is denied.

II. Personal Jurisdiction

Next, defendants have moved to dismiss on the grounds that plaintiff lacks personal jurisdiction over the defendants. A plaintiff bears the burden of showing, by a preponderance of the evidence, that there is 12(b)(2) jurisdiction. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993).

3

A. Attorney General Joshua Stein

First, defendants move to dismiss North Carolina Attorney General Joshua Stein from the case. Defendants argue that Stein lacks the requisite connection to the alleged constitutional violation such that he is properly named, and second, that Stein has not threatened to prosecute plaintiff.

When there is an ongoing violation of federal law, suits may be brought against state officers in their official capacity in order to obtain prospective relief. *Ex parte Young*, 209 U.S. 123, 159-60 (1908). To be a proper party, the state officer sued must have "some connection with the enforcement of the act" in question. *Lytle v. Griffith*, 240 F.3d 404, 409 (4th Cir. 2009). This requirement is a practical one: for proper resolution of the question, the proper party must be before the court. If a party that does not have a relationship to the actual enforcement is sued, that suit should be dismissed. Whether there is a "special relation" under *Ex parte Young* is a question of proximity. *South Carolina Wildlife Fed. v. Limehouse*, 549 F.3d 324, 333 (4th Cir. 2008). The Attorney General has, upon the request of a county's district attorney, the authority to prosecute or assist in the prosecution of criminal cases. N.C. Gen. Stat. § 114-11.6. Plaintiff has indicated that defendant Stein has enough of a connection to the enforcement of North Carolina criminal laws to satisfy the requirements for personal jurisdiction under *Ex parte Young*.

Next, defendants argue that as the Attorney General has not publicly indicated he intends to prosecute the plaintiff, he is not a proper party to the case. But the rule is not whether plaintiff will be prosecuted, but whether he could be: whether he faces a "credible threat of prosecution." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 15 (2010).

4

Here, the state has not disclaimed its authority to prosecute individuals, including plaintiff, for failing to register when they should do so. There is personal jurisdiction over defendant Stein and the motion to dismiss on those grounds as to him is denied.

### B. Director Bob Schurmeier

Defendants have also moved to dismiss Defendant Bob Schurmeier for lack of personal jurisdiction. Defendant Schurmeier is the Director of the State Bureau of Investigation. In that capacity he manages the database of North Carolina's registered sex offenders. As noted above, state officials are appropriate defendants in cases like the one before this Court when they are connected to the enforcement of the allegedly wrongful act. *Lytle v. Griffith*, 240 F.3d 404, 409 (4th Cir. 2009).

As defendant Schurmeier is responsible for placing individuals, including plaintiff, on the registry itself, he bears the relationship to the alleged unconstitutional action here such that there is jurisdiction over him. Again, defendants' claim that there is no personal jurisdiction because Schurmeier has not publicly committed to prosecuting plaintiff fails. Their motion is denied.

### C. District Attorney Michael Waters

Finally, defendants argue that there is no personal jurisdiction over Michael Waters, the Franklin County District Attorney. Plaintiff claims he is a resident of Franklin County, and defendant Waters, the prosecuting authority in Franklin County, could prosecute him for failing to register. *See* N.C.G.S. §14-208.11. As discussed above, the fact that Waters has not publicly threatened plaintiff with prosecution is insufficient to strip this Court of personal jurisdiction, and the motion to dismiss for that reason is denied.

### III. Failure to State a Claim

Defendants have also moved to dismiss on the grounds that plaintiff has failed to state a claim. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The Court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Taking all facts plausibly alleged by plaintiff as true, he has stated a claim upon which relief may be granted.

Defendants move to dismiss first on the ground that defendant does not have a protected liberty interest that implicates due process. In this section of their motion, defendants cite to some of the Supreme Court's substantive due process cases. [DE 15 at 10]; *e.g., Griswold v. Connecticut*, 381 U.S. 479 (1965); *Skinner v. Oklahoma*, 316 U.S. 535 (1942).

6

Substantive due process is the principle that there are some government actions so unjustifiable that there is no process available that could validate them. *See* U.S. Const. Amend. V; U.S. Const. Amend. XIV; *Sylvia Development Corp. v. Calvert County, Md.* 48 F.3d 810, 827 (4th Cir. 1995). By contrast, there are other actions the state may take that affect protected interests, but are permissible as long as there is proper process. *Snider Intern. Corp. v. Town of Forest Heights, Md.*, 739 F.3d 120, 146 (4th Cir. 2014). These interests are necessarily less fundamental than those covered by substantive due process, as that protection is more heightened. *Sylvia Development Corp.*, 43 F.3d at 827.

Plaintiff has brought a procedural due process claim. To the extent defendants move to dismiss on the grounds that plaintiff has not established a fundamental interest protected by substantive due process, their argument is misplaced. Procedural due process is implicated when the state alters or extinguishes a previously recognized right or status. *Paul v. Davis*, 424 U.S. 693, 710-11 (1976). That is the case here, as plaintiff claims that placement on the registry alters his previous status as a normal citizen. Once registered, he faces restrictions on where he may go, live, study, pray and work. [DE 1 at 11].

Defendants go on to argue that if there is such an interest, then the process provided is sufficient. They make three claims here: first, that plaintiff received due process when originally convicted; second, that the availability of a declaratory judgment action provides due process; and third, that there is an effective post-registration removal process.

Defendants first claim that because the requirement to register follows a conviction for a sex offense, the registrant received the requisite process when he or she was convicted of that offense. *See Conn. Dep't of Pub Safety v. Doe*, 538 U.S. 1, 7 (2003). It is true that if plaintiff had been arrested, tried, and convicted of a clearly registrable North Carolina sex offense, he would

7

have had due process. That is in large part because North Carolina law indicates whether the need for registration is a consequence of violating a particular criminal law. N.C.G.S. § 14-208.6(5). By contrast, when plaintiff was convicted of his sex offense in Washington, that court did not resolve whether his conviction was "substantially similar" to a North Carolina offense such that he needed to register in North Carolina should he move there. And North Carolina, when relying on an out-of-state conviction in other circumstances, such as when determining whether a particular defendant should receive a harsher sentence, does investigate the question. *State v. Burgess*, 715 S.E.2d 867, 870-71 (2011). The due process plaintiff received in Washington is not enough.

Next, defendants argue that plaintiff can file a declaratory judgment action in state court to argue that his placement on the registry is improper. The ability to file a lawsuit to keep the state from doing something alleged to be wrongful does not, itself, provide due process.

Finally, defendants claim N.C.G.S. §14-208.12A satisfies due process. This provision allows registrants to petition to have their registration requirement terminated—but only after ten years on the registry, and only in specific circumstances. This mechanism is much too limited to constitute due process for all individuals with out-of-state sex offenses who are instructed to register. Plaintiff has stated a claim upon which relief may plausibly be granted.

## CONCLUSION

For the above reasons, defendants' motion to dismiss [DE 14] is DENIED. Defendants' motion to stay proceedings pending a ruling on the motion to dismiss [DE 21] is therefore also DENIED AS MOOT. The parties shall have until July 2, 2018 to conduct discovery, and until August 3, 2018 to file dispositive motions.

8

SO ORDERED.

This the __2__ day of May, 2018.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE